UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM PULTE,<br>　　　　　Plaintiff<br><br>v.<br><br>ROBERT TUBBS, JUDITH TUBBS,<br>T.J. INVESTMENT, LLC,<br>JASPERS TOO MOTEL and<br>JASPERS II MOTEL<br>　　　　　Defendant | ) **CIVIL ACTION NO: 1:18-CV-11412-IT**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff, WILLIAM PULTE (hereinafter "PULTE"), individually who by and through the undersigned counsel hereby submits this Amended Complaint and Jury Demand against ROBERT TUBBS and JUDITH TUBBS and company, T.J. INVESTMENT, LLC, JASPERS TOO MOTEL and JASPERS II MOTEL (hereinafter "TUBBS" or "Defendants") for compensatory and punitive damages, equitable relief, and such other relief deemed just and proper arising from the injuries to PULTE as a result of his exposure to dangerous conditions at the JASPER'S TOO MOTEL located at 101 Maple Street, Bourne, MA 02532, a property owned and operated by Defendant's:

## JURISDICTION, VENUE AND PARTIES

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because Defendants are a citizen of a state other than the state which the Plaintiff is a citizen.

2. Venue in this judicial district is proper under 28 U.S.C. §1391 inasmuch as a substantial part of the events or omissions giving rise to the claims occurred in this district.

3. At all times relevant, Plaintiff is a citizen of the United States residing in Tool, Texas.

4. At all times relevant, Defendants conducted business in the Commonwealth of Massachusetts and have derived substantial revenue from business operations including from JASPER'S TOO MOTEL, in this commonwealth.

5. At all times mentioned Defendants conducted, and continue to conduct a substantial amount of business activity and has committed a tort, in whole or in part, in this judicial district. Defendants own and operate the JASPER'S TOO motel located at 101 Maple Street in the city of Bourne, MA 02532. The tort was committed in whole or in part at this address which is within the judicial district with the Defendants residing in this judicial district.

6. PULTE at all times relevant was a business invitee on the above stated premises.

## FIRST CAUSE OF ACTION
### (NEGLIGENCE)

7. Plaintiff repeats, reiterates and re-alleges each and every allegation of the complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

8. At all times relevant hereto, PULTE was a business invitee of Defendant's motel in Bourne, Massachusetts.

9. Defendant's had a duty to exercise reasonable care inside motel in all common areas as well as in each individual guest room.

10. On or about July 10, 2018, PULTE, while a guest at the JASPER'S TOO motel was bitten by Cimex Lectularius (commonly known as "bed bugs").

11. Plaintiff, PULTE, sustained numerous bed bug bites on his body as a result of time spent at the JASPER'S TOO motel.

12. As a result of the Defendant's failure to identify and eradicate the bed bug infestation in PULTE's room, prior to his stay, PULTE suffered numerous intensely itchy bites resulting in large, painful welts that required medical treatment and medication, multiple dark splotches, loss of sleep, mental distress, loss of personal property and economic loss.

13. PULTE is partial amputee of his left leg below the knee and wore a prosthetic leg.

As a result of the bed bug bites and subsequent inflammation, the prosthetic failed to properly fit.  PULTE was required to purchase a new prosthetic leg as a result of the continued inflammation to his limb after suffering dozens of painful bed bug bites.

14. The Defendants, through their actual or apparent agents, servants and/or employees, knew or should have known that there was an active bed bug infestation in and/or around the room occupied by PULTE.

15. The Defendants, through their actual or apparent agents, servants and/or employees, knew or should have known that there was an active bed bug infestation at the motel.

16. The Defendants either had actual knowledge of the bed bug infestation in the motel or were willfully ignorant of the infestation.

17. Upon information and belief, prior to PULTE sleeping in the motel, the Defendants did not utilize regular procedures to guard against the presence, spread and transport of bed bugs in the Hotel.

18. The pre-existing population of bed bugs in the room occupied by PULTE rendered the motel unsanitary and unfit for human habitation.

19. The pre-existing population of bed bugs at the Hotel rendered the Hotel unsanitary and unfit for human habitation.

20. The Defendants, by and through its employees or agents in the operation and maintenance of JASPER'S TOO motel in Bourne Massachusetts, failed in its duties to provide a habitable and sanitary lodging, free of insect infestations by committing one or more of the following omissions or commissions:

   a. failing to train critical staff (management personnel, housekeeping,  maintenance workers, and/or custodial staff) on how to identify the signs of bed bug infestation, how to prevent the transport and spread of bed bug infestations, and the steps that must be taken immediately upon report or suspicion of such an infestation;

   b. failing to have in place, prior to Plaintiffs' stay, a reasonable and appropriate bed bug inspection protocol for the motel, its' guest rooms, its common areas and/or other facilities;

c.  failing to ensure strict compliance by all relevant staff with any bed bug inspection protocol in place at the motel;

d.  failing to have in place, prior to Plaintiffs' stay, a reasonable and appropriate bed bug treatment protocol for the motel, its' guest rooms and its common areas and facilities;

e.  failing to ensure strict compliance by all relevant staff and/or vendors regarding pest control management, including a bed bug treatment protocol;

f.  failing to detect and/or fully eradicate previously known bed bug infestations in the room assigned to Plaintiff by Defendants and/or in rooms adjacent to, above and/or below Plaintiffs' room, in other guest rooms in the motel, and/or in common areas and facilities of the motel;

g.  failing to keep Plaintiffs' room free from bed bug infestation;

h.  placing Plaintiff in a room that contained bed bugs which had not been properly inspected for signs of bed bug infestation prior to his occupancy;

i.  failing to have in place a reasonable and appropriate integrated program designed to prevent the presence and spread of bed bug infestations within the Hotel; and

j.  otherwise failing to act in accordance with the requirements of the common law and State and County codes.

21.  The direct, proximate and foreseeable result of the aforementioned negligence of Defendants, TUBB's, T.J. INVESTMENT, LLC, JASPERS TOO MOTEL and JASPERS II MOTEL resulted in Plaintiff, PULTE, suffering many painful and intensely itchy bed bug bites and sustaining serious, permanent injuries, pain, and/or physical handicap, bodily injury, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical and/or nursing care and treatment, property damage, and/or other consequential damages. Plaintiffs' injuries are either permanent or continuing and Plaintiffs will continue to suffer the losses in the future.

22.  By reason of the foregoing, Plaintiff has been damaged by Defendant's wrongful conduct.  Defendant's conduct was wanton, reckless and at the very least rose to the level of gross negligence so as to indicate a disregard of the rights and safety of others, justifying an award of punitive damages.

### **REQUEST FOR RELIEF**

**WHEREFORE**, WILLIAM PULTE prays for relief against ROBERT TUBBS, JUDITH TUBBS, T.J. INVESTMENT, LLC, JASPERS TOO MOTEL and JASPERS II MOTEL, as follows:

a.  For general damages in a sum in excess of the jurisdictional minimum of this Court;
b.  For medical, incidental and hospital expenses according to proof;
c.  For pre-judgment and post-judgment interest as provided by law;
d.  For full refund of all purchase costs for the room at Jasper's Too;;
e.  For consequential damages in excess of the jurisdictional minimum of this Court;
f.  For compensatory damages in excess of the jurisdictional minimum of this Court;
g.  For attorneys' fees, expenses and costs of this action; and
h.  For such further and other relief as this Court deems necessary, just and proper.

DATED: July 10, 2018.

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Telephone: (954) 620-8300

*S/ Jay P. Symonds*

JAY P. SYMONDS, ESQUIRE
BBO No: 637972
Email: jay@diattorney.com

GRANT I. SCHWARZ, ESQUIRE*
Bar No: 0051541
Email: grant@dnslaw.com

*Pro Hac Vice application forthcoming